**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

---

DR. MICHAEL J. DUBIN,

      Plaintiff,

v.                                                 Case No. 10 CV 35

                                                     Jury Demanded

BOARD OF MADISON AREA TECHNICAL
COLLEGE DISTRICT, MADISON AREA TECHNICAL
COLLEGE - MADISON, VERONICA DELCOURT,
and GWEN TORKELSON,

      Defendants.

---

## AMENDED COMPLAINT

---

Plaintiff, Dr. Michael J. Dubin ("Dubin"), by his counsel, Fox & Fox, S.C., complains of Defendants, Board of Madison Area Technical College District and Madison Area Technical College – Madison (sometimes jointly referred to herein as "MATC"), Veronica Delcourt ("Delcourt") and Gwen Torkelson ("Torkelson")(collectively "Defendants"), as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Dubin is alleging employment discrimination and related retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

2. Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) as Defendants are all located in this judicial district and the acts complained of all occurred within this judicial district.

## PARTIES

3. Dubin is an individual residing in the Western District of Wisconsin and is of the Jewish faith. At all times relevant Dubin was an employee of MATC.

4. Defendant Madison Area Technical College – Madison is a community technical college for the greater Madison, Wisconsin area, and is part of the Wisconsin Technical College System.

5. Defendant Board of Madison Area Technical College District governs and operates Madison Area Technical College – Madison. The Board also makes and affirms decisions regarding non-renewal of teaching contracts based on recommendations of the administration.

6. At all relevant times, MATC has had fifteen or more employees for each working day in each of twenty or more calendar weeks in 2010 or the preceding calendar year and was Dubin's "employer" for purposes of Title VII.

7. At all times relevant, Defendant Veronica Delcourt was a resident of the Western District of Wisconsin and was employed as Dean of MATC's Arts & Science Center with full supervisory authority over Dubin.

8. All actions alleged herein to have been undertaken by Delcourt were undertaken in her individual capacity and/or her official capacity as the Dean of MATC's Arts & Science Center, and at all relevant times was acting under color of state law within the meaning of 42 U.S.C. § 1983.

9. At all times relevant, Defendant Gwen Torkelson was a resident of the Western District of Wisconsin and was employed as Director of MATC's Human Resources Department.

10. All actions alleged herein to have been undertaken by Defendant Torkelson were undertaken in her individual capacity and/or her official capacity as the Director of MATC's Human Resource Department, and at all relevant times was acting under color of state law within the meaning of 42 U.S.C. § 1983.

## PROCEDURAL REQUIREMENTS

11. In May of 2009, Dubin filed a Charge of Discrimination against MATC with the Equal Employment Opportunity Commission ("EEOC") for religious discrimination and related retaliation against MATC, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Dubin's Charge was timely filed with the EEOC within 180 days of the subject unlawful employment practices.

12. On or about November 4, 2009, the U.S. Justice Department issued Dubin his Notice of Right-to-Sue letter with respect to his Charge of Discrimination, and this action has been timely brought less than 90 days after Dubin received said letter.

## SALIENT FACTS

13. In or about August of 2000, Dubin was hired as an Adjunct Instructor by MATC to each in its (then) Arts & Science Division on a semester-by-semester basis. Thereafter, in view of his exemplary teaching performance, Dubin was promoted to the position of full-time, replacement Instructor.

14. In the spring of 2006, Dubin, individually, and through his legal counsel, raised various concerns of possible employment discrimination with MATC

in connection with its (then) decision to reject his application for a permanent, full-time Instructor position.

15. Several months later, MATC finally offered Dubin a full-time Instructor position commencing in the fall of 2006, which he accepted.

16. Thereafter, Dubin worked as a full-time Instructor in MATC's Arts & Science Center until July of 2009 at which time MATC declined to renew his contract, which effectively terminated his employment.

17. At all relevant times, Dubin was qualified for his full-time Instructor position, performed his job duties in a satisfactory manner, received exemplary teaching evaluations by his students, and was recognized by his fellow faculty members for his teaching acumen and accomplishments.

## COUNT I
### (RELIGIOUS DISCRIMINATION AND RETALIATION AGAINST MATC IN VIOLATION OF TITLE VII)

1. Dubin adopts and realleges paragraphs 1 - 17 above as paragraph 1 of Count I.

2. At all times relevant, since or about the spring of 2006, Dubin was subjected various unequal and discriminatory terms and conditions of employment because of his religion, Jewish, and/or in retaliation for his and his counsel's complaints of discrimination. Such discrimination and/or retaliation included, but was not limited to, being subject to humiliating, anti-Semitic remarks by the (then) Chair of the History/Social Science Department, Richard Shaten, who, *inter alia*, accused Dubin of being a "litigious Jew" who was inferior to non-Jews in the department.

3. Shaten also subjected Dubin to other unfair terms and conditions of employment at MATC, including but not limited to: (a) unfairly refusing to approve Dubin's proposed course curriculums; (b) berating and unfairly criticizing Dubin; (c) subjecting Dubin to yelling, screaming and profanity; and (d) making disparaging remarks about Dubin and encouraging others to unfairly criticize Dubin.

4. Dubin was also subjected to religious discrimination and/or retaliation by others, including Janet Stevens ("Stevens), who dislikes Dubin because he is Jewish and who openly stated that Dubin was "not needed" in the History/Social Science Department since there were "already enough Jews" there. Stevens also made various untrue, profane and disparaging remarks about Dubin to MATC students and faculty, and boasted that she will help "get Dubin fired."

5. Pursuant to MATC policy, Dubin complained about his concerns of religious discrimination and retaliation at MATC, but to no avail.

6. Thereafter, Delcourt advised Dubin, *inter alia,* that although he was a highly accomplished Instructor who was well regarded by students and faculty alike, and who had increased enrollment at MATC, he was still viewed as "special case" by MATC administration because he had retained legal counsel to address issues of discrimination and had otherwise complained about discrimination at MATC.

7. Delcourt also informed Dubin that in view of his and his attorney's complaints of discrimination, his teaching career at MATC was being adversely affected. Delcourt and/Torkelson also directed or encouraged other members of the administration to survey and unfairly criticize Dubin.

8. As a result of the foregoing, on or about January 26, 2009, and at the specific behest and direction of Delcourt and/or Torkelson, MATC issued Dubin a preliminary Notice of Non-Renewal of his teaching contract (signed by Torkelson), which Notice was then summarily adopted by the MATC Board of Directors in May of 2009, resulting in Dubin's permanent termination of employment with MATC in July of 2009.

9. Defendants' actions, as alleged, were unlawful, intentional and motivated by a discriminatory and/or retaliatory animus Dubin in view of his religion, Jewish, and/or his ongoing complaints of discrimination and retaliation at MATC.

10. In further violation of Title VII of the Civil Rights Act of 1964, Defendant's upper management, including MATC President, Betsey Barhorst, deliberately failed to take any appropriate corrective action to prevent, fairly investigate, discipline those involved and/or otherwise rectify this situation.

11. Title VII of the Civil Rights Act of 1964, as amended, prohibits discriminatory treatment in employment based upon one's religion and retaliation for complaining about or reporting same.

12. The above-described conduct by Defendants was willful and/or in reckless disregard for Dubin's rights, substantially interfered with his employment, and constituted discrimination and /or retaliation in violation of Title VII.

13. All of the aforementioned conduct denied Dubin the protection and civil rights guaranteed by Title VII of the Civil Rights Act, as amended.

14. As a direct and proximate result of said unlawful employment practices and disregard for Dubin's rights and dignity, he has lost compensation and benefits and has also suffered emotional distress, humiliation and anxiety about his ability to support

himself and his future employability and earning capacity, as well as the disruption of his personal and family life.

### Relief Sought

**WHEREFORE**, Dubin prays that this Court grant the following relief against Defendants Madison Area Technical College – Madison and the Board of Madison Area Technical College District and Madison Area Technical College – Madison:

- A. Award Plaintiff appropriate lost back pay and future earnings, and reimbursement for other employment related losses since August of 2009, plus interest, so as to render him whole from the unlawful discrimination and/or retaliation.

- B. Award Plaintiff compensatory damages for emotional stress, humiliation and anxiety, in the amount of $300,000 or in an amount to be shown at trial as authorized by law.

- C. Award Plaintiff his costs of litigation, including witness fees and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

- D. Grant Plaintiff any additional relief that is warranted.

### COUNT II
(RACE DISCRIMINATION AND RETALIATION CLAIMS AGAINST DELCOURT AND TORKELSON IN VIOLATION OF 42 U.S.C. SECTIONS 1981 AND 1983)

1. Plaintiff adopts and incorporates paragraphs 1 – 9 of Count I, above, as paragraph 1 of Count II.

2. The effect of the policies and the practices alleged above by Delcourt and Torkelson was discriminatory, retaliatory and deprived Plaintiff of equal employment opportunities, to make and enforce contracts, and otherwise adversely affected his status as an employee because of his religion, Jewish, and/or his complaints of discrimination in violation of 42 U.S.C. Sections 1981 and 1983.

3 As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, as alleged, Plaintiff has lost wages and

compensation, and has also suffered emotional distress, humiliation and anxiety about his ability to support his family, and his future employability and earning capacity, as well as the disruption of his personal life.

4. Plaintiff has suffered irreparable injury from said policies, practices and usages as alleged, all of which violated 42 U.S.C. Sections 1981 and 1983.

## Relief Sought

**WHEREFORE,** Dubin prays that this Court grant the following relief against Defendants Veronica Delcourt and/or Gwen Torkelson, jointly and severally:

A. Award him lost compensation and employment benefits since or about August, 2009, and lost interest thereon, and damages for emotional pain, suffering, humiliation and anxiety, all in an amount to be proven at trial.

B. Grant him his reasonable attorney's fees and costs; and

C. Grant him any additional relief that is warranted.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**Dr. Michael J. Dubin**

/s/ Randall B. Gold

Randall B. Gold, Esq. (1034435)
Fox & Fox, S.C.
124 West Broadway
Monona, Wisconsin 53716
608-258-9588
608-258-9105 (fax)
rgoldlaw@aol.com

- 8 -